Case No. 24-6052

In the United States Court of Appeals
for the Tenth Circuit

**United States of America**,
Plaintiff-Appellee,

v.

**Brandon Richardson,**
Defendant-Appellant.

On Appeal from the United States District Court
for the Western District of Oklahoma
The Honorable David L. Russell, District Judge
D.C. Case No. 5:20-cr-00122-R-1

**Appellant Brandon Richardson's Reply Brief**

Office of the Federal Public Defender
633 17th Street, Suite 1000
Denver, Colorado 80202
Tel: (303) 294-7002
Fax: (303) 294-1192

Virginia L. Grady
Federal Public Defender

Shira Kieval
Assistant Federal Public Defender
shira.kieval@fd.org

Counsel for Brandon Richardson

Oral argument is requested.

November 26, 2024

# Table of Contents

                                                                                             **Page**

Reply Argument ....................................................................................................1

    I.      The district court's explicit and erroneous rationale for its partially consecutive sentence demonstrates its failure to give reasoned consideration to the directives in the guidelines commentary. ....................2

    II.     This Court should reject the government's various efforts to sweep the district court's explict and erroneous rationale under the rug. ...............7

Conclusion ........................................................................................................14

Certificate of Compliance .................................................................................15

# Table of Authorities

**Cases**   **Page**

*United States v. Benally*,
  541 F.3d 990 (10th Cir. 2008) ...................................................................7

*United States v. Chavez*,
  723 F.3d 1226 (10th Cir. 2013) ..............................................................7, 8

*United States v. Hurlich*,
  293 F.3d 1223 (10th Cir. 2002) ........................................................... 10, 13

*United States v. Lester*,
  No. 22-6077, 2023 WL 4417506 (10th Cir. July 10, 2023) (unpublished).. 10, 13

*United States v. Rose*,
  185 F.3d 1108 (10th Cir. 1999) ......................................................... 2, 9, 10

*United States v. Svacina*,
  137 F.3d 1179 (10th Cir. 1998) ...................................................................5

*Witte v. United States*,
  515 U.S. 389 (1995) ...................................................................................12

**Statutes**

18 U.S.C. § 3553(a) ......................................................................................6, 9

18 U.S.C. § 3553(a)(1) ......................................................................................6

18 U.S.C. § 3553(a)(2) ......................................................................................6

18 U.S.C. § 3553(a)(6) ......................................................................................6

18 U.S.C. § 3584 ...............................................................................................9

**Sentencing Guidelines**

USSG § 1B1.3(a)(1)(A) .....................................................................................4

USSG § 1B1.3(a)(2) ..........................................................................................5

USSG § 1B1.3, cmt. 5(B)(ii) ..............................................................................5

USSG § 3D1.2(d) ................................................................................................... 5

USSG § 5G1.3 ........................................................................................................ 7

USSG § 5G1.3(d) ............................................................ 2, 4, 7, 8, 9, 10, 11, 12, 13

USSG § 5G1.3, Application Note 4(A) ....................................... 2, 7, 8, 9, 10, 12, 13

## Reply Argument

Mr. Richardson pled guilty in Missouri federal court to a multi-state multi-defendant drug-and-gun indictment and was sentenced to 182 months for a wide range of relevant conduct, including possessing a firearm upon his arrest in Oklahoma. Unsatisfied with a sentence that was nearly five years shorter than it had requested, the government revived a dormant indictment to prosecute Mr. Richardson for that same firearm possession in Oklahoma federal court. The Oklahoma court then imposed a partially consecutive sentence based on a misconception that Mr. Richardson's Oklahoma conduct was "independent" of the Missouri proceeding and had yet to receive any "consequence."

But the Oklahoma conduct *had* been punished, and imposing an additional punishment for no discernable reason other than an erroneous belief otherwise was procedural error. Although a district court has considerable discretion to impose consecutive sentences, the guidelines directives require courts to endeavor to avoid unwarranted disparities that might arise out of the government's decision to prosecute interrelated conduct in multiple proceedings. As Mr. Richardson explains in his opening brief, the Oklahoma district court's counterfactual explanation of its sentence makes clear that it did not consider the guidelines directives as required.

The government responds by calling on this Court to rewrite or ignore the Oklahoma court's justification for its sentence. The Court should instead reverse.

I.  **The district court's explicit and erroneous rationale for its partially consecutive sentence demonstrates its failure to give reasoned consideration to the directives in the guidelines commentary.**

In his opening brief (at 21–28), Mr. Richardson explains how the Oklahoma district court's explicit but inaccurate explanation for its partially consecutive sentence—that Mr. Richardson had not yet been sanctioned for his Oklahoma gun possession at all—demonstrates that it failed to follow the directives in USSG § 5G1.3(d) and Application Note 4(A) to achieve a reasonable incremental punishment and avoid unwarranted disparities, as required. The government (at 16–17) tries to get around this argument by paraphrasing the court as saying "that Mr. Richardson's conduct in Oklahoma warranted an additional punishment." But that isn't what it said. It said that Mr. Richarson had not been punished at all, which was wrong.

This Court must "determine whether the district court's decision to impose consecutive terms constituted an abuse of discretion" by considering the district court's "state[d] . . . reason for imposing consecutive sentences." *United States v. Rose*, 185 F.3d 1108, 1112–13 (10th Cir. 1999). Thus, even where the facts of a case "would certainly support the imposition of consecutive terms," the "decision to impose consecutive terms [can still] constitute[] an abuse its discretion." *Id.*

Here, the district court explained that it was imposing a partially consecutive sentence for Mr. Richarson's Oklahoma weapons possession because he had yet to

be sanctioned for that conduct *at all*. First, the district said "that the possession of the weapon down here is independent of the proceeding in Missouri." R3:20. And if the word "independent" were not enough to convey a finding that the Oklahoma offense conduct was unrelated to what happened in Missouri federal court, the district court went on. It explained that "there has to be some consequence to your possession of the weapon here in Oklahoma," R3:24, which clearly evinced a belief that no consequence for that conduct had been imposed to date.

These pellucid statements cannot be rewritten, as the government tries (at 16–17), into a pronouncement that the Oklahoma conduct had already been punished some, but still "warranted additional punishment." It is true that the *government* took a more subtle position below, arguing that there was a "measure of independence between this case and the case in Missouri." R3:23. But the district court had already declared the Oklahoma conduct completely "independent" of the Missouri proceedings, R3:20, and it never revisited that determination. To the contrary, it doubled down with its claim that "there has to be some consequence to your possession of the weapon here in Oklahoma." R3:24. The district court's words are simply

3

irreconcilable with an accurate understanding that some consequence, just not enough consequence for the government's liking, had already been imposed in Missouri.[1]

Alternatively, the government argues (at 21–22) that the Oklahoma district court wasn't "clear[ly]" wrong about what had happened in Missouri. The government concedes (at 21), as it must, that the Oklahoma offense conduct "was listed in the offense conduct section of his Missouri PSR." Yet, somehow, it argues that the Oklahoma firearm "appears" to have been "nothing more than background information," as opposed to relevant conduct sanctioned by the Missouri court.

There is no question that the Oklahoma firearm was relevant conduct in the Missouri proceeding, as Mr. Richardson explains in his opening brief (at 16, 23). There is no exception to the definition of relevant conduct for "background" criminal activity. Even if there were, it clearly would not apply in this case, where it was "pretty obvious"—even to the Oklahoma district court—that Mr. Richardson possessed a firearm in Oklahoma while in "flight" from Missouri. R3:18–19; USSG § 1B1.3(a)(1)(A) (defining relevant conduct to include "all acts and omissions committed . . . by the defendant," even those that "occurred . . . in the course of

---

[1] Even if the district court had *said* that the Oklahoma offense conduct merited additional punishment—and it didn't—that still would not indicate that it actually applied the directives in USSG § 5G1.3(d) and its commentary. The court needed to say *why* the conduct merited additional punishment, not simply *whether*.

4

attempting to avoid detection or responsibility for that offense"). Nor would it apply in this case, where the Oklahoma gun possession was by all appearances part of the same course of conduct as the gun possession charged in Missouri. USSG § 1B1.3(a)(2) (defining relevant conduct to include *additional* criminal conduct that would be groupable under USSG § 3D1.2(d) and was "part of the same course of conduct or common scheme or plan as the offense of conviction"); USSG § 1B1.3, cmt. 5(B)(ii) ("Offenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses."); *United States v. Svacina*, 137 F.3d 1179, 1183 (10th Cir. 1998) (two similar crimes can constitute course of conduct).

It is true that the Oklahoma firearm did not increase Mr. Richardson's guidelines in Missouri, but that does not matter. Even if the Oklahoma firearm possession had been an *offense of conviction* at a consolidated Missouri proceeding, it would not have increased Mr. Richardson's guidelines, as Mr. Richardson explains in his opening brief (at 25–26); but, unquestionably, it would still have been relevant

conduct.[2] Nor does its failure to increase Mr. Richardson's guidelines in Missouri leave open the possibility that the Missouri district court somehow failed to account for the conduct in its sentence. The Missouri court was required to craft a sentence that considered "the nature and circumstances of the offense and the history and characteristics of the defendant"—whether relevant conduct or simply background information—in order "to promote respect for the law," "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to avoid unwarranted sentence disparities." 18 U.S.C. §§ 3553(a)(1), (2)(A)–(C), (6). Accordingly, the firearm possession charged in this case was necessarily among the conduct that resulted in the consequences imposed by the Missouri court.

The district court gave only one explanation for its partially consecutive sentence: that Mr. Richardson needed to be sanctioned—but had not yet been sanctioned—for his Oklahoma conduct. This Court cannot rewrite that flawed justification, which was based on a mistaken understanding of the relevant facts.

---

[2] The government acerbically notes (at 20 n.2) that it had the power to veto any effort to consolidate the Oklahoma and Missouri proceedings. This is correct and exactly the point: there is no reasoned basis under the sentencing guidelines or Section 3553(a) to impose a greater sentence upon a defendant simply because the government did or could have prevented the consolidation of multiple related, groupable offenses into a single proceeding.

## II. This Court should reject the government's various efforts to sweep the district court's explicit and erroneous rationale under the rug.

The government also comes up with numerous excuses to ignore the Oklahoma court's only explanation for it partially consecutive sentence. But this Court should not overlook the Oklahoma court's flawed justification for its sentence.

***First***, the government seems to argue (at 7, 11, 17) that the Court can rely on a version of the presumption of regularity to assume that the district court properly considered the directives in USSG § 5G1.3(d) and Application Note 4(A). But the government concedes (at 7), as it must, that the presumption does not apply if there are "contrary indications" in the record. *See United States v. Chavez*, 723 F.3d 1226, 1232 (10th Cir. 2013) ("We will . . . step in and find error when the record gives us reason to think that our ordinary presumption that the district judge knew and applied the law is misplaced.") (quoting *United States v. Benally*, 541 F.3d 990, 996 (10th Cir. 2008). Here, the Oklahoma district court's flawed explanation of its sentence reveals that it did not actually follow the directives in USSG § 5G1.3(d) and Application Note 4(A) as required.

As Mr. Richardson explains in his opening brief (at 15–21), Section 5G1.3(d) and its commentary required the district court to balance the twin goals of (1) "achiev[ing] reasonable incremental punishment" and (2) "avoid[ing] unwarranted disparity. *See* USSG § 5G1.3, Application Note 4(A). That task simply cannot be performed by a judge who thinks a person has not yet been sanctioned for conduct

7

when, in reality, he has been—as in this case. R3:24 (opining that Mr. Richardson had yet to receive a "consequence"). And it cannot be performed by a judge who thinks that a prosecution is independent of anything that came before just because it is being prosecuted in a different district. *See* R3:18–20 (calling Mr. Richardson's Oklahoma offense conduct "independent of the proceeding in Missouri" despite identifying his flight from Missouri to Oklahoma as "pretty obvious"). Such a judge necessarily fails to understand that his second task is to avoid unwarranted sentencing disparities between people who are charged with relevant conduct in serial federal indictments and those who are charged with all relevant conduct in a single prosecution. Thus, while the Oklahoma district court might have *known* about USSG § 5G1.3(d) and Application Note 4(A), the record gives—at the very least—a reason to think that the court failed to apply that law correctly. *Chavez*, 723 F.3d at 1232.

***Second***, the government argues (at 17–18) that this Court should presume that the district court applied the guideline properly because the *actual sentence imposed* indicates "that the district court considered its responsibility to achieve a reasonable incremental punishment and avoid an unwarranted disparity." The logic here, apparently, is that this Court can ignore the Oklahoma district court's actual explanation for its sentence because it ultimately imposed a partially consecutive sentence rather than the fully consecutive sentence that it would necessarily have imposed if it truly believed that the Oklahoma gun possession had yet to be sanctioned at all.

8

The imposition of a partially consecutive sentence rather than a fully consecutive sentence is evidence of nothing. The law requires this Court to review the sentence by considering the district court's "state[d] . . . reason for imposing consecutive sentences," *Rose*, 185 F.3d at 1112–13, not by imagining that it meant the opposite of what it said. Moreover, this is an adversarial system, and Mr. Richardson's adversary only asked the court to impose a partially consecutive sentence. And the Section 3553(a) factors (both independently, and as incorporated into USSG § 5G1.3(d) and Application Note 4(A)), could have supported a partially consecutive sentence *even if* the Oklahoma weapons possession had been completely independent of the Missouri proceeding and had yet to receive any consequence: Mr. Richardson had already received a tremendous prison term in the Missouri case of 182 months that dramatically reduced the need to incapacitate him further. *See* 18 U.S.C. § 3553(a) ("The court, in determining the particular sentence to be imposed, shall consider—. . . (2) the need for the sentence imposed— . . . (C) to protect the public from further crimes of the defendant[.]"); USSG § 5G1.3, Cmt. 4(A) ("Under subsection (d), . . . the court should consider . . . (i) the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a))"). Accordingly, the court's imposition on a partially rather than fully consecutive sentence does not even suggest that it understood Mr. Richardson had already been punished for the Oklahoma gun possession.

***Third***, the government claims (at 15–16) that this Court can overlook the Oklahoma district court's flawed explanation for its sentence because the court reported that it had read and listened to arguments that, in turn, discussed USSG § 5G1.3(d) and Application Note 4(A). But it is not enough for the district court to have been *aware* of the correct guideline and commentary. The district court was required to follow them as well, meaning to "consider the directives" set forth in USSG § 5G1.3(d) and Application Note 4(A) and apply them in a "reason[ed]" manner. *United States v. Hurlich*, 293 F.3d 1223, 1229–30 (10th Cir. 2002). And, again, in determining whether it followed those directives, this Court must look to the district court's explanation of its sentence, *Rose*, 185 F.3d at 1112–13, not what it read before making its decision.

In support of its argument that knowledge is enough, the government relies on a case where the record contained "no evidence that the parties or probation alerted the court to the guidelines." *United States v. Lester*, No. 22-6077, 2023 WL 4417506, at *2 (10th Cir. July 10, 2023) (unpublished). Certainly there is a problem where the district court is not aware of the applicable guideline section in the first place, but that does not mean that simple awareness is the be-all-end-all of the analysis. The real problem in *Lester* was that the district court could not have properly applied the guideline even if it had been on notice—and thus it plainly erred—because it did not actually know what had happened at the prior sentencing. *Id.* ("[T]he

record is devoid of the information the court needed to fully consider the application note factors"). If the only issue in *Lester* had been the lack of reference to USSG § 5G1.3(d), this Court may have relied on the presumption of regularity to affirm.

Similarly, the crux of the issue in this case is that, whether or not the district court was on notice of what guidelines to apply, it misunderstood what had happened at the prior sentencing. It thought that the Oklahoma firearm possession had not been considered and had not been sanctioned. That was wrong. Thus, although the court in this case knew about the relevant guideline and application note, and while the record contained the information the court needed to fully consider the application note factors, the district court misunderstood the record and so could not have undertaken a reasoned consideration of the application note factors as required.

*Fifth*, the government falls back on a straw man argument, claiming that a partially consecutive sentence is not *per se* unreasonable in a situation like this. Assuming that is so, that is no reason for this Court to affirm.

The government claims (at 18–21) that a reversal would "essentially write[] the district court's discretion out of existence," because it would be a ruling that the Oklahoma district court "must sentence Mr. Richardson concurrently." Not so. Mr. Richardson does not argue that a partially consecutive sentence would have been unreasonable in all circumstances. Nor does he say that the district court could not have articulated a reasoned decision for a partially consecutive sentence based on

11

the directives in the guidelines—or even stated that it disagreed with the guidelines for whatever reason. Rather, Mr. Richardson's claim is that his sentence was procedurally unreasonable because the district court simply could not have undertaken a reasoned consideration of the directives in USSG § 5G1.3(d) and Application Note 4(A) as required—directives that required the Oklahoma court to balance the need for reasonable incremental punishment against the need to avoid unwarranted sentencing disparities—while under the mistaken belief that his Oklahoma conduct had nothing whatsoever to do with his Missouri case.

***Finally,*** the government argues (at 18–19) that a district court doesn't *always* need to determine *precisely* what the defendant was punished for in the prior case to give reasoned consideration to the factors in Application Note 4(A)—and, indeed, that it is not always "workable" to do so. That argument misses the point. The point is that a court cannot follow directives designed to mitigate against the type of unwarranted double punishment that can result from serial federal prosecutions for overlapping relevant conduct, *see Witte v. United States*, 515 U.S. 389, 403–06 (1995), without accurately determining what was sanctioned in the prior case.

The scope of such an inquiry will, of course, vary depending on the case. As Mr. Richardson explains in his opening brief (at 18–19), Section 5G1.3(d) governs diverse situations. Sometimes it may be very clear that double punishment will not be imposed—for example, if the prior case was for a revocation of a suspended

sentence and the new case was for a new law violation. *See, e.g.*, *Lester*, 2023 WL 4417506, at *1. In that case, the inquiry into *what exactly was punished* can be quickly dispensed with.[3]

But this case presents a very different situation. Here, the record raised the specter of double punishment; Mr. Richardson argued that his Oklahoma conduct had already been considered by the Missouri court; and the district court undertook to base its sentencing determination on its answer to the question of whether or not Mr. Richardson had already been sanctioned for his Oklahoma gun possession. In this situation, the inquiry into *what exactly was punished* is the ballgame. The Oklahoma district court simply could not have "consider[ed] the directives" set forth in USSG § 5G1.3(d) and Application Note 4(A) and apply them in a "reason[ed]" manner, *Hurlich*, 293 F.3d at 1229–30, as required, without that inquiry. And, certainly, when it came to the *wrong* conclusion about what had happened in Missouri—and then based its decision to impose a partially consecutive sentence on that wrong conclusion—it committed reversible procedural error.[4]

---

[3] Even then, however, it is still necessary to determine how much punishment was imposed in the prior case in order "to fully consider the application note factors." *Lester*, 2023 WL 4417506, at * 2.

[4] The government also indicates (at 19) that the Oklahoma district court did not have a copy of the Missouri district court's sentencing transcript in front of it. That is true.

This Court should reject the government's various arguments for ignoring the district court's flawed explanation for its partially consecutive sentence.

## Conclusion

For the reasons stated above and in Mr. Richardson's opening brief, this case should be remanded for resentencing.

Respectfully submitted,

Virginia L. Grady
Federal Public Defender

/s/ Shira Kieval
Shira Kieval
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, Colorado 80202
(303) 294-7002
shira.kieval@fd.org
Counsel for Appellant
Brandon Richardson

---

But neither was it allowed to engage in speculation about what happened at the sentencing hearing, such as presuming that Mr. Richardson received no consequence for his Oklahoma firearm possession when the district court was on notice that (1) the Missouri PSR made more than clear that the Oklahoma firearm possession was relevant conduct, (2) neither party objected to the PSR, and (3) no one informed the Missouri district court that Mr. Richardson had pending charges in Oklahoma. The relevance of the Missouri district court's sentencing transcript to this appeal is to show that the error in this case was not harmless—and, indeed, with the Missouri sentencing transcript now before it, the government refrains from raising any harmless error argument in this appeal.

## Certificate of Compliance

As required by Fed. R. App. P. 32(g)(1), I certify that this **Appellant Brandon Richardson's Reply Brief** is proportionally spaced and contains 3,357 words. I relied on my word processor to obtain the count, and the information is true and correct to the best of my knowledge.

I also certify that I caused a copy to be sent, via U.S. Mail, to Appellant Brandon Richardson, Reg. No. 33111-064, c/o FCI Edgefield.

/s/ Shira Kieval
Shira Kieval
Assistant Federal Public Defender